IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO.: _____

CARLOS NAVAS,

      Plaintiff,

vs.

MEDALLION HOTEL CORPORATION,

      Defendant.

_____/

## COMPLAINT

Plaintiff CARLOS NAVAS ("Plaintiff") hereby sues MEDALLION HOTEL CORPORATION ("Defendant" or "Medallion") and alleges as follows:

### Introduction

1.    This is an action by Plaintiff against Defendant for unpaid overtime wages under the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. ("FLSA").

2.    Plaintiff seeks damages, recovery of reasonable attorneys' fees and costs, and all other remedies allowable by law.

### Jurisdiction and Venue

3.    This is an action by Plaintiff exceeding $30,000.00, exclusive of attorneys' fees and costs.

4.    Defendant is a foreign profit corporation registered to transact business in Florida.

1 | Page

PERERA BARNHART ALEMÁN
12401 Orange Drive · Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Miami, FL 33134
www.PBA-law.com · Phone (786) 485.5232

5. Plaintiff was formerly employed by Defendant and performed work for Defendant in Broward County, Florida.

6. Venue is proper in this Court because Defendant transacts business in Broward County, employed Plaintiff in Broward County and the claims arose within Broward County.

## Parties and General Allegations

### A. Defendant's Business and Interstate Commerce.

7. Defendant owns, manages, and operates hotels throughout the United States.

8. Upon information and belief, Defendant's annual volume of sales or business exceeded $500,000.00 during the relevant period.

9. At all relevant times, Defendant employed two or more employees, including Plaintiff, that customarily, continually, and regularly handled goods that i) were purchased from a person or entity outside the state of Florida and/or ii) were purchased in Florida but had previously traveled through interstate commerce.

10. Upon information and belief, Defendant obtained and solicited funds from non-Florida sources, accepted funds from non-Florida sources, used telephonic transmissions going over state lines to do its business, transmitted funds outside the State of Florida, used electronic means to market and run their business in a way that was not limited to Florida, and otherwise regularly engaged in interstate commerce during the relevant period.

2 | Page

11.     Defendant, upon information and belief, accepts credit card payments, wire transfers, and other forms of payments that are made or processed outside the state of Florida.

12.     Defendant is an employer engaged in interstate commerce and subject to the FLSA.

**B. Plaintiff's Employment with Defendant.**

13.     On or around February 22, 2019, Plaintiff was hired to work as a "restaurant manager" for a restaurant in one of Defendant's hotels.

14.     Defendant compensated Plaintiff on a salary basis at a rate of $65,000 per year.

15.     Although Plaintiff was hired as a "restaurant manager," the bulk of his work consisted of non-managerial work, such as waiting tables, working in the bar, cleaning the premises, and performing other non-managerial duties.

16.     The reason being that the restaurant was regularly understaffed due to Defendant's unwillingness to allow hourly employees to work overtime.

17.     During his employment with Defendant, Plaintiff regularly worked well over forty (40) hours per week.

18.     Plaintiff worked at least five (5) days a week: from 6:00 a.m. to 4:00 p.m. (when he was scheduled for an opening shift); from 2:00 p.m. to 1:00 a.m. (when he was scheduled for a closing shift); and from 8:00 a.m. to 8:00-10:00 p.m. (when he was scheduled for a middle day shift).

PERERA BARNHART ALEMÁN
12401 Orange Drive · Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Miami, FL 33134
www.PBA-law.com · Phone (786) 485.5232

19.     Plaintiff's hours were long because Plaintiff was regularly required to spend numerous hours per shift performing the non-managerial work described above.

20.     At all relevant times, Plaintiff was an employee subject to the provisions of the FLSA.

C. **Defendant's Illegal Payment Practices.**

21.     During his employment with Defendant, Plaintiff frequently worked well over 40 hours a week.

22.     By forcing Plaintiff to perform non-managerial duties as the bulk of his work, Defendant could not pay Plaintiff a salary and was required to pay Defendant at a time and a half rate for all hours worked over forty (40) hours per week.

23.     Throughout Plaintiff's employment, Defendant had knowledge of Plaintiff's overtime hours worked, was aware that it was not properly compensating Plaintiff, and purposefully failed to provide Plaintiff with complete and adequate overtime pay in violation of the FLSA.

24.     Defendants willfully and intentionally refused to pay Plaintiff in accordance with the FLSA.

25.     Plaintiff has retained the undersigned law firm as his legal counsel in connection with this action, and is obligated to pay reasonable attorneys' fee and all costs incurred in connection therewith.

PERERA BARNHART ALEMÁN
12401 Orange Drive · Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Miami, FL 33134
www.PBA-law.com · Phone (786) 485.5232

## COUNT I

## UNPAID OVERTIME WAGES BY DEFENDANT
## IN VIOLATION OF THE FLSA

26.     Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 25 above as if fully set forth herein.

27.     Upon information and belief, Defendant's annual volume of sales or business exceeded $500,000 during each calendar year of the relevant period.

28.     As part of its business, Defendant purchased goods that traveled through interstate commerce.

29.     These goods were customarily, continually, and regularly handled by two or more employees, including Plaintiff.

30.     Upon information and belief, Defendant obtained and solicited funds from non-Florida sources, accepted funds from non-Florida sources, used telephonic transmissions going over state lines to do its business, transmitted funds outside the State of Florida, used electronic means to market and run its business in a way that was not limited to Florida, and otherwise regularly engaged in interstate commerce during the relevant period.

31.     Defendant, upon information and belief, accepted credit card payments, wire transfers, and other forms of payments made or processed outside the state of Florida during the relevant.

32.     Defendant is an employer engaged in interstate commerce and is subject to the FLSA.

5 | P a g e

PERERA BARNHART ALEMÁN
12401 Orange Drive · Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Miami, FL 33134
www.PBA-law.com · Phone (786) 485.5232

33.     During his employment with Defendant, Plaintiff worked overtime hours for which Plaintiff was not compensated at a rate of time-and-a-half his regularly rate of pay as required by the FLSA.

34.     Plaintiff was paid on a salary basis for all hours worked, despite the fact the bulk of his work was spent performing non-managerial duties.

35.     Plaintiff is therefore owed unpaid overtime compensation pursuant to the FLSA.

36.     In addition, Defendant is liable for double the overtime amounts owed as liquidated damages under the FLSA as a result of its intentional and willful violations for up to the three-year statute of limitations afforded by the FLSA.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

a.     Enter judgment for Plaintiff against Defendant under the FLSA;

b.     Award Plaintiff actual damages for the unpaid overtime wages;

c.     Award Plaintiff liquidated damages;

d.     Award Plaintiff attorneys' fees and costs;

e.     Award Plaintiff all recoverable interest; and

f.     Award any other relief this Honorable Court deems just and proper.

**JURY TRIAL**

Plaintiff hereby requests a trial by jury with respect to all claims so triable.

PERERA BARNHART ALEMÁN
12401 Orange Drive · Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Miami, FL 33134
www.PBA-law.com · Phone (786) 485.5232

Dated: April 8, 2020

Respectfully submitted,

By: /s/ J. Freddy Perera
Bayardo E. Aleman, Esq.
Florida Bar No. 28791
bayardo@pba-law.com
J. Freddy Perera, Esq.
Florida Bar No. 93625
freddy@pba-law.com
Stepanka Hofmanova, Esq.
Florida Bar No. 1018839
stepanka@pba-law.com
**PERERA BARNHART ALEMAN**
12401 Orange Drive, Ste 123
Davie, Florida 33330
Telephone: 786-485-5232
*Counsel for Plaintiff*

PERERA BARNHART ALEMÁN
12401 Orange Drive · Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Miami, FL 33134
www.PBA-law.com · Phone (786) 485.5232